**FILED**

SEP 1 0 2003

JUDGE PHILIP G. REINHARD
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | **DOCKETED** |
| Plaintiff, | ) ) | SEP 1 0 2003 |
| v. | ) ) | Civil Action No. 03-CV-50344 |
| THE SHERWIN-WILLIAMS COMPANY | ) ) ) | Judge Reinhard Magistrate Judge Mahoney |
| Defendant. | ) ) | |

**CONSENT DECREE**

THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that in 2001 and 2002, Defendant, The Sherwin-Williams Company ("Defendant"), violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against a female employee Courtney Moore ("Moore") on the basis of sex. Specifically, the EEOC alleged that Defendant violated Title VII by fostering or tolerating a working environment that was sexually hostile to Moore. Defendant denies these allegations.

2. In the interest of expeditiously resolving all disputed issues and avoiding further legal costs and litigation, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action. Nothing in this Decree should be construed as an admission by any party regarding the claims or defenses of the other.

## FINDINGS

3.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a.  This Court has jurisdiction of the subject matter of this action and of the parties.

   b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties and the public interest are adequately protected by this Decree.

   c.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, Moore, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

4.  Defendant, its officers, agents (including management personnel), successors, and assigns shall not discriminate against its employees on the basis of sex in violation of Title VII.

## NON-RETALIATION

5.  Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person who is currently or has previously been employed by it because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this

Decree. Nothing in this paragraph shall be construed as limiting any obligations regarding retaliation generally imposed upon Defendant by Title VII.

## MONETARY RELIEF

6. Defendant shall pay the gross sum of thirty-five thousand dollars ($35,000), to Courtney Moore within ten (10) business days of receiving a release, attached as Exhibit A, signed by Moore. This sum is solely for alleged non-pecuniary harm of emotional pain and humiliation. Defendant shall send a check directly to Moore by certified mail. Defendant shall also mail a copy of this check to the EEOC within five (5) business days of sending the check to Moore. Defendant shall issue a 1099 federal tax form for the payment made by Defendant to Moore.

## NOTICE

7. Within ten (10) days after the receipt of the Court's entry of this Consent Decree and for the duration of this Decree, Defendant shall continuously post the notice attached hereto as Exhibit A at its Sterling, Illinois store in prominent locations frequented by Defendant's employees. Within ten (10) days after receipt of the entered Consent Decree, Defendant shall certify in writing to the Chicago District Office of the EEOC that the Notice has been posted, and shall inform the EEOC of the location where it has been posted.

## RECORD KEEPING

8. For a period of two (2) years following entry of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC records of each complaint of sex harassment made by one of its employees from Defendant's retail stores within the Madison District of Defendant's Midwest Division. Such report shall indicate the date the complaint was made, who

made it, what was alleged, and what actions the Defendant took to resolve the matter.

9. Defendant shall make all documents or records referred to in Paragraph 8, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Defendant shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the EEOC to enter Defendant's premises for such purposes on ten (10) business days advance notice by the EEOC.

10. Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## TRAINING

11. Defendant shall provide sexual harassment training to all employees who work at its Sterling, Illinois store by trainers chosen by Defendant with approval by the EEOC. This training shall be completed within six months of entry of this Decree, unless the parties agree to a reasonable extension. This training shall encompass the requirements of Title VII pertaining to sexual harassment. Within ten (10) days after the completion of the training described above, Defendant will certify to EEOC that the training has been completed, the name(s) of the person(s) conducting the training, the time(s), duration and date(s) the training was held and a list identifying by name and position all individuals who received the training.

## REPORTING

12. Defendant shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-four (24) months after entry of the Decree. Each such report shall contain a summary of the information recorded by Defendant pursuant to Paragraph 8, including the name of the complainant, the allegation of the complaint and the action taken by Defendant in response.

13. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Richard J. Mrizek, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661.

## DISPUTE RESOLUTION

14. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within ninety (90) days of the alleged non-compliance and shall afford the alleged non-complying party twenty (20) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied or that no non-compliance has occurred. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to the Court for appropriate relief. The party alleging non-compliance must act in good faith in both its allegation of non-compliance and the absence of appropriate remedial measures.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

15. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) years period, any dispute(s) under Paragraph 13, above, remain unresolved, the term of the Decree shall be automatically extended (solely regarding such unresolved dispute(s) and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as any such dispute(s) has been resolved.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7446

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
NOELLE BRENNAN
Supervisory Trial Attorney

_____
RICHARD J. MRIZEK
Trial Attorney

DATE: __SEP 10 2003__

For The Sherwin-Williams Company
101 Prospect Street
12th Floor, Midland
Cleveland, Ohio 44115

_____
Thomas E. Hopkins
Senior Vice President - Human Resources

_____
ENTER:
The Honorable Philip G. Reinhard
United States District Judge

-7-

## EXHIBIT A

## RELEASE AGREEMENT

I, Courtney Moore, for and in consideration of the sum of $35,000, payable to me pursuant to the terms of the Consent Decree entered by the Court in EEOC v. Sherwin-Williams., on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Sherwin-Williams, and all past and present shareholders, officers, agents, employees, and representatives, as well as all successors and assigns, from any and all claims and causes of action of any kind which I now have or ever have had under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., or 42 U.S.C. § 1981A as a result of or arising from the subject matter and claims which were or which could have been asserted in EEOC v. Sherwin-Williams., No. _____ (N.D. Ill.) or in EEOC charge No. 210A20330.

_____          _____
Date                                Courtney Moore

## EXHIBIT B

## NOTICE TO ALL SHERWIN-WILLIAMS EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. The Sherwin-Williams Company, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against The Sherwin-Williams Company. ("Sherwin-Williams")

In its suit, the EEOC alleged that Sherwin-Williams fostered or tolerated a working environment that was sexually hostile toward one of its female employees, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Sherwin-Williams denies these allegations. In order to resolve this case, Sherwin-Williams and the EEOC agreed to the entry of a Consent Decree which provided, among other things, that:

1) Sherwin-Williams will pay monetary relief to a former employee;

2) Sherwin-Williams will not discriminate on the basis of sex;

3) Sherwin-Williams will not retaliate against any person because she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

4) Sherwin-Williams will train its employees with respect to sexual harassment.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.**

SEP 10 2003
_____
Date

_____
The Honorable Philip G. Reinhard
District Judge